IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-00330-RPM

HANTZ AIR, L.L.C., a Michigan Limited Liability Company,

        Plaintiff,

v.

J. MESINGER CORPORATE JET SALES, INC.,
a New Mexico corporation;
JAY MESINGER, an individual, and
F.S.Y. CONSULTANTS, L.L.C.,
a Texas Limited Liability Company,

        Defendants.

---

## ORDER ON PENDING MOTIONS

---

This action is arises out of the purchase and sale of a 1983 Cessna Citation III aircraft ("the aircraft"). Diversity of citizenship, 28 U.S.C. § 1332, is alleged as the basis for federal jurisdiction. The plaintiff, Hantz Air, L.L.C. ("Hantz Air"), is a Michigan limited liability company with its principal place of business in Southfield, Michigan. Defendant F.S.Y. Consultants, L.L.C. ("F.S.Y.") is a Texas limited liability company, with its principal place of business in Houston, Texas. Defendant J. Mesinger Corporate Jet Sales, Inc. is a New Mexico corporation with its principal place of business in Boulder, Colorado. Defendant Jay Mesinger ("Mesinger"), the principal owner and/or chief executive officer of J. Mesinger Corporate Jet Sales, Inc., is a citizen of Colorado.

The complaint alleges that F.S.Y retained Mesinger to act as a broker and agent to assist with marketing and selling the aircraft and that J. Mesinger Corporate Jet Sales advertised the aircraft on its website.  The website advertising included a statement that the aircraft had no damage history.  In March 2003, Hantz Air reviewed the website advertising.  After several weeks of negotiations communicated through Mesinger, Hantz Air agreed to purchase the aircraft from F.S.Y.

The terms of the purchase and sale are set forth in the Aircraft Purchase Agreement ("Purchase Agreement"), attached as Exhibit A to the complaint.  The purchase price was $ 2,850,000.00.  Paragraph 2(c) of the Purchase Agreement provides in part that the aircraft was to be "delivered as represented with no damage history."  In paragraph 3 of the Purchase Agreement, F.S.Y. warranted that the aircraft conformed to "the specifications and/or representations included on Exhibit B" to the Purchase Agreement.  Exhibit B, the Aircraft Specifications, includes the statement "No Damage History" under the category of maintenance.  Paragraph 11 of the Purchase Agreement provides as follows:

> **Entire Agreement:** The terms and conditions of this Agreement constitute the entire agreement of the parties hereto and supersede all previous negotiations, representations, and agreements between the parties.  This Agreement may not be varied, amended or supplemented except by an instrument in writing signed by both the parties.

The Purchase Agreement also provides in paragraph 12, "If Seller defaults under this Agreement, Purchaser shall have as its exclusive remedy the right to rescind this Agreement whereupon Purchaser shall be refunded all sums paid hereunder including the cost of the aircraft inspection, and upon such a refund, this Agreement shall become null and void and neither party shall be under further liability to the other.  In addition, paragraph 14 of the Purchase Agreement provides

-2-

in part that "Seller shall not have responsibility for actual, consequential, or incidental damages, or damages for loss of use, time and income with respect to any defect or other deficiency of aircraft."

Hantz Air took possession of the aircraft on May 7, 2003.  Hantz Air then arranged to have the exterior of the aircraft repainted.  This process involved stripping the existing exterior paint.  During the repainting process, Hantz Air discovered corrosion on the aircraft.  The corrosion required that the horizontal stabilizer and elevator located on the tail be replaced.

On February 23, 2005, Hantz Air brought this action against F.S.Y., Mesinger and J. Mesinger Corporate Jet Sales, Inc., alleging four claims for relief:  (1) breach of contract against F.S.Y.; (2) breach of express warranty against F.S.Y.; (3) fraud/silent misrepresentation against all defendants, and (4) innocent misrepresentation against all defendants.[1]  The plaintiff seeks damages, "including but not limited to the cost to replace the horizontal stabilizer and elevator; loss of use, time, and income; loss of market value; attorney fees; and costs."  (Compl. ¶¶ 30, 34, 43, and 49).

F.S.Y answered the complaint and denied liability to the plaintiff.  Defendants Mesinger and J. Mesinger Corporate Jet Sales, Inc. ("the Mesinger defendants") moved to pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of the claims against them.  That motion was denied on March 1, 2006.  The Mesinger defendants requested and were granted an extension of time to respond to the complaint, making their response due on April 10, 2006.  Four motions are now pending.

---

[1]The plaintiff also brought claims against F. Scott Yaeger and Susan Yaeger, two individuals who were officers and members of F.S.Y.  The plaintiff's claims against those two defendants were dismissed with prejudice on March 1, 2006.

On April 6, 2006, the Mesinger defendants answered the complaint and moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the plaintiff's fourth claim for innocent misrepresentation, arguing that Colorado law does not recognize a claim for innocent misrepresentation, and that if Michigan law applies, the claim is precluded by the lack of privity between the plaintiff and the Mesinger defendants.  The plaintiff asserts that Michigan law applies but concedes that lack of privity defeats the claim.

On May 3, 2006, defendant F.S.Y. moved to dismiss the original complaint's fourth claim for innocent misrepresentation, arguing that Colorado law does not recognize this claim for relief. In response, the plaintiff argues that Michigan law recognizes a claim for innocent misrepresentation.

The plaintiff's argument fails to acknowledge that the economic loss rule, as it has been applied by the courts of Michigan, precludes the plaintiff from asserting claims against F.S.Y. for innocent misrepresentation or negligent misrepresentation.  *See Neibarger v. Universal Coops., Inc.*, 486 N.W.2d 612, 618 (Mich. 1992) ("[W]here a plaintiff seeks to recover for economic loss caused by a defective product purchased for commercial purposes, the exclusive remedy is provided by the UCC . . . .").  Under Michigan law, when the alleged misrepresentations are indistinguishable from the terms of the contract and warranty the plaintiff alleges were breached, the alleged misrepresentations "relate to the breaching party's performance of the contract and do not give rise to an independent cause of action in tort."  *Huron Tool & Eng'g Co. v. Precision Consulting Servs.*, 532 N.W.2d 541, 545 (Mich. App. 1995); *see also Wright Tool Co. v. ChemChamp N. Am. Corp.*, 185 F.Supp.2d 781, 784 (E.D. Mich. 2002).

-4-

On May 5, 2006, the Mesinger defendants moved to strike the plaintiff's request to amend the complaint contained in the plaintiff's response to the defendants' motion to dismiss, arguing that plaintiff neglected the prefiling conference required by Local Rule 7.1.  The Mesinger defendants also moved for an award of their fees and costs incurred in bringing their motion to dismiss the fourth claim for innocent misrepresentation.

The defendants' motion is denied.  The motion to strike is directed not to a motion, but to a request that was included in the plaintiff's response to the defendants' motion to dismiss.  The fee request is unwarranted because the defendants filed their motion to dismiss without allowing the plaintiff's counsel adequate time to respond to the defendants' request for dismissal of the claim, which was communicated by email on April 6, 2006.  The Mesinger defendants' motion was filed on April 6, 2006, four days before their response to the complaint was due.

On June 15, 2006, the plaintiff moved pursuant to Rule 15(a) for leave to amend the complaint.  The proposed amended complaint alleges the following claims:[2]  (1) breach of contract against F.S.Y.; (2) breach of express warranty against F.S.Y.; (3) fraud/silent misrepresentation against all defendants; (4) innocent misrepresentation against F.S.Y, and (5) negligent misrepresentation against all defendants.  The proposed amended complaint eliminates the claim for innocent misrepresentation against the Mesinger defendants and adds claims for negligent misrepresentation against F.S.Y and the Mesinger defendants.  There are no new factual allegations in the amended complaint.  The plaintiff argues that its motion to amend is

---

[2]The claims are labeled "counts."  The fifth claim, negligent misrepresentation, appears under the heading "Count VI."

timely and that negligent misrepresentation is a claim recognized under Colorado, Michigan, and Texas law.  The plaintiff has not addressed the issue of which state's law should govern its claim.

The Mesinger defendants did not oppose the plaintiff's motion to amend the complaint. On July 5, 2006, defendant F.S.Y. opposed the motion to amend, arguing that the plaintiff's proposal to add a claim for negligent misrepresentation against it is futile.  The plaintiff did not reply to F.S.Y.'s motion.

The plaintiff's request to add a claim for negligent misrepresentation against F.S.Y. is denied because the economic loss rule precludes the plaintiff from asserting this claim against F.S.Y.  The result is the same regardless of whether the governing law is that of Michigan, Colorado or Texas.  As set forth above, Michigan law requires the plaintiff to seek only contractual remedies against F.S.Y.  Under Colorado law, "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law."  *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000); *see also Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267, 1269-70 (Colo. 2000).  The Colorado Supreme Court has applied the economic loss rule to bar claims for negligent misrepresentation.  *See BRW, Inc. v. Dufficy & Sons*, 99 P.3d 66, 72 (Colo. 2004).

Similarly, under Texas law, the economic loss rule precludes a plaintiff from maintaining a tort action against a defendant when the damages sought are only for economic losses caused by the failure to perform a contract.  *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991); *see also Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986) ("When the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone.").  The Texas Supreme Court has held that the economic loss rule does not bar recovery of

tort damages for fraudulent inducement, *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41 (Tex. 1998), but that exception does not extend to claims for negligent misrepresentation.  *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662 (Tex. 1998); *Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 817 (Tex. App. 2006).

F.S.Y. also argues that the negligent misrepresentation claim against it would fail because the contract contains a merger clause, and the parol evidence rule would preclude the plaintiff from presenting evidence of representations that preceded the signing of the contract.  The defendant also contends that the merger clause renders the plaintiff's reliance on such extrinsic representations unreasonable as a matter of law.  Those issues need not be addressed, however, because the economic loss rule disposes of the plaintiff's claim for negligent misrepresentation against F.S.Y.

Based on the foregoing, it is

ORDERED that the Mesinger defendants' motion to dismiss the original complaint's fourth claim for innocent misrepresentation is granted; and it is

FURTHER ORDERED that defendant F.S.Y.'s motion to dismiss the original complaint's fourth claim for innocent misrepresentation is granted, and it is

FURTHER ORDERED that the Mesinger defendants' motion to strike the plaintiff's motion to amend and for sanctions is denied, and it is

FURTHER ORDERED that the plaintiff's motion for leave to file its first amended complaint is denied.  The plaintiff may file a supplemental complaint for the limited purpose of adding a claim for negligent misrepresentation against the Mesinger defendants and shall do so within twenty days from the date of this order.

Dated: August 11, 2006

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge