IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-00330-RPM

HANTZ AIR, L.L.C., a Michigan Limited Liability Company,

        Plaintiff,

v.

J. MESINGER CORPORATE JET SALES, INC.,
a New Mexico corporation;
JAY MESINGER, an individual, and
F.S.Y. CONSULTANTS, L.L.C.,
a Texas Limited Liability Company,

        Defendants.

---

## ORDER

On August 29, 2006, defendant F.S.Y. moved for summary judgment on the plaintiff's claims against it.  The plaintiff did not respond to that motion.  On October 3, 2006, the Mesinger defendants moved for summary judgment on the plaintiff's claims against them.  When the plaintiff did not respond to the Mesinger defendants' motion within the 20-day period provided in D.C.Colo.LCiv.R 56.1(A), the Mesinger defendants filed a "reply,"asserting that the plaintiff had waived its right to respond or to controvert the facts asserted and supported in their motion by failing to file a timely response.

On November 9, 2006, the plaintiff filed a response to the Mesinger defendants' motion, followed by a motion for leave to file a late response.  The explanation offered for the plaintiff's tardy response is that plaintiff's counsel, upon receiving the notice of electronic filing of the

Mesinger defendants' motion for summary judgment, mistakenly assumed that the notice referred to the motion for summary judgment previously filed by defendant F.S.Y.  The plaintiff's counsel states in an affidavit that he had advised F.S.Y.'s counsel in September that the plaintiff would not contest F.S.Y.'s motion, and he did not review the contents of the Mesinger defendants' motion. Plaintiff's counsel states that he was unaware of his mistake until he received the Mesinger defendants' reply on November 6, 2006.  The Mesinger defendants opposed the plaintiff's motion for leave to file a late response.

The plaintiff's motion for leave to file a late response is denied.  The explanation offered by the plaintiff for its late response is not persuasive.  The motion for summary judgment by defendant F.S.Y. was filed on August 29, 2006, and the plaintiff's counsel could not have reasonably believed that the electronic notice he received on October 3, 2006, referred to that motion.

The court must still make the determination of whether judgment for the Mesinger defendants is appropriate under Rule 56.  The rule contemplates a hearing on the motion and states, "The adverse party prior to the day of the hearing may serve opposing affidavits."  Fed. R. Civ. P. 56(c).  The plaintiff submitted affidavits of John R. Hantz and Douglas Marcum on November 9, 2006, and those affidavits will be considered.

Accordingly, it is

ORDERED that the plaintiff's motion for leave to file a late response to the Mesinger defendants' motion for summary judgment is denied, except that the affidavits and exhibits attached to that response are accepted for filing [docs. 63-3, 63-4, 63-5, 63-6, and 63-7]; and it is

FURTHER ORDERED that a hearing on the motion for summary judgment by the

Mesinger defendants will be held on January 30, 2007 at 10:00 a.m., in Courtroom A, the Byron

White United States Courthouse, 18th and Stout Streets, Denver, Colorado.

    Dated: December 28, 2006

                    BY THE COURT:


                    s/ Richard P. Matsch

                    _____

                    Richard P. Matsch, Senior District Judge