IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-00330-RPM

HANTZ AIR, L.L.C., a Michigan Limited Liability Company,

        Plaintiff,

v.

J. MESINGER CORPORATE JET SALES, INC.,
a New Mexico corporation;
JAY MESINGER, an individual, and
F.S.Y. CONSULTANTS, L.L.C.,
a Texas Limited Liability Company,

        Defendants.

---

ORDER DENYING POST-JUDGMENT MOTION FOR
ATTORNEYS' FEES AND EXPENSES

---

The claims in this diversity action were dismissed by judgments entered on March 1, 2006, December 28, 2006, and February 8, 2007.  The matter now before the court is the post-judgment motion brought by defendants F. Scott Yeager and Susan Yeager ("the Yeager defendants") and defendant F.S.Y. Consultants, L.L.C. ("F.S.Y."), seeking an award of attorneys' fees and expenses.

The motion is not brought pursuant to Rule 11 of the Federal Rules of Civil Procedure, and the defendants do not contend that they have met the requirements of that Rule.  The motion is brought pursuant to the Colorado statute that addresses the recovery of attorneys' fees for frivolous, groundless, or vexatious claims.  The statute cited provides as follows:

>The general assembly recognizes that courts of record of this state have become increasingly burdened with litigation which is straining the judicial system and interfering with the effective administration of civil justice. In response to this problem, the general assembly hereby sets forth provisions for the recovery of attorney fees in courts of record when the bringing or defense of an action, or part thereof (including any claim for exemplary damages), is determined to have been substantially frivolous, substantially groundless, or substantially vexatious. All courts shall liberally construe the provisions of this article to effectuate substantial justice and comply with the intent set forth in this section.

C.R.S. § 13-17-101.

This Colorado statute does not provide a basis for the recovery of attorneys' fees and expenses in this federal diversity action. Colorado's statute allowing the recovery of attorneys' fees for frivolous and groundless claims is preempted to the extent that it is inconsistent with the procedural safe-harbor provision of Rule 11 of the Federal Rules of Civil Procedure. Where a party's motion for attorneys' fees does not comply with Rule 11 of the Federal Rules of Civil Procedure, the state rule does not supply an alternate basis for sanctions. *McCoy v. West*, 965 F. Supp. 34, 35-36 (D. Colo. 1997) (Babcock, J.).

Federal courts have the inherent power to award fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975); *Sterling Energy, Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984). However, such awards are appropriate "only in exceptional cases and for dominating reasons of justice." *Mountain West Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 957 (10th Cir. 2006) (quoting *Cornwall v. Robinson*, 654 F.2d 685, 687 (10th Cir.1981)). An order awarding fees must be supported by specific findings of bad faith or improper motive. *Mountain West Mines*, 470 F.3d at 957.

The record and evidence presented do not support the conclusion that this an exceptional case warranting an award of fees and expenses. The plaintiff's claims for fraud and misrepresentation against the Yeager defendants were dismissed on March 1, 2006, on their motion for summary judgment. The plaintiff opposed that motion, advancing arguments that did not prevail, but the plaintiff's arguments were not so meritless as to show that the claims were brought in bad faith or for an improper motive. The plaintiff brought four claims against F.S.Y.: (1) breach of contract; (2) breach of express warranty; (3) fraud, and (4) innocent misrepresentation. F.S.Y. responded to the complaint by filing an answer. The innocent misrepresentation claim was dismissed on August 11, 2006, on the ground that it was precluded by the economic loss rule. The remaining claims were dismissed on December 28, 2006, after discovery had concluded, when the plaintiff did not to oppose F.S.Y.'s motion for summary judgment. The plaintiff's counsel did not show professional courtesy to opposing counsel or this court in failing to inform of his decision not to oppose F.S.Y.'s motion, just as his lack of attention to other procedural deadlines was unprofessional, but such conduct is not sufficient to support a fee award. The record demonstrates only that the plaintiff brought claims that ultimately could not be sustained. Those claims were not so patently frivolous as to show that they were brought in bad faith or for an improper motive. Accordingly, it is

ORDERED that the Post-Judgment Motion for Attorneys' Fees and Expenses filed by defendants F. Scott Yeager, Susan Yeager, and F.S.Y. Consultants, L.L.C. is denied.

Dated: May 22, 2007

BY THE COURT:

s/ Richard P. Matsch

Richard P. Matsch, Senior District Judge